FILED
Gary Harrison
CLERK, SUPERIOR COURT
8/19/2021 4:45:00 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20213950
HON. GARY J. COHEN

**MOORE LAW FIRM, PLLC**
CAMP LOWELL CORPORATE CENTER
4578 E. CAMP LOWELL DR.
TUCSON, AZ 85712
TELEPHONE (520) 327-7113
FACSIMILE (520) 327-3414
KEVIN M. MOORE - PCC# 64938
STATE BAR NO. 015927
CAMILLE S. CATSAROS – PCC# 65567
STATE BAR NO. 020966
MINUTEENTRIES@MOORELAWFIRMAZ.COM
KM@MOORELAWFIRMAZ.COM
CC@MOORELAWFIRMAZ.COM
*ATTORNEY FOR PLAINTIFF*
*MARIA ELENA B. SANDOVAL*

# IN THE SUPERIOR COURT OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| MARIA ELENA B. SANDOVAL, a married woman, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (Assigned to: _____) |
| COSTCO WHOLESALE CORPORATION, dba COSTCO, a foreign corporation; JOHN DOES 1-10; JANE DOES 1-10, individually and/or as husband and wife; XYZ CORPORATIONS 1-10; ABC PARTNERSHIPS 1-10, | (Tort – Non-Motor Vehicle) |
| | *Tier 2 Case* |
| Defendants. | |

COMES NOW Plaintiff, for her complaint, by and through counsel undersigned, and for her claim alleges as follows:

I.

At all times material hereto and at the time of the events giving rise to this action, Plaintiff is a married woman residing in Pima County, Arizona, and brings this

- 1 -

action on her own behalf.

II.

At all times material hereto and at the time of the events giving rise to this action Defendant was a corporation doing business in Pima County, Arizona; that all acts giving rise to Plaintiff's cause of action occurred in Pima County, Arizona.

III.

Defendants "JOHN DOES" 1-10; "JANE DOES" 1-10; XYZ CORPORATIONS 1-10; ABC PARTNERSHIPS 1-10, are at this time unknown parties and Plaintiff reserves the right to amend said Complaint when proper names are ascertained.

IV.

The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of the fictitious defendants named herein are unknown to Plaintiff, who therefore sues said Defendants, and each of them, by fictitious names. Plaintiff is informed and believes and thereon states that each of the Defendants designated fictitiously herein is or may be responsible for the events and happenings herein alleged. The precise nature of such responsibilities is unknown to Plaintiff, but was known to Defendants, and each of them. Said Defendants committed some or all of the acts complained of herein.

V.

All acts giving rise to Plaintiff's cause of action took place or resulted in events occurring in Pima County, Arizona.

VI.

Venue and jurisdiction are proper in this court.

VII.

Pursuant to Rule 26.2(c)(3), Ariz. R. Civ. P., the presumptive discovery tier assignment for this case is Tier Two [2] based on the amount of damages sought.

VIII.

Upon information and belief, and at all material times the Defendants owned, managed, maintained and/or otherwise controlled the COSTCO, located at 1650 E. Tucson Marketplace Boulevard, Tucson, Pima County, Arizona.

IX.

Upon information and belief, each of the Defendants were an agent of each of the other defendants and all acts by any of the defendants were in the scope of their agency with all other Defendants, and each of them acting on their own behalf, as well as on behalf of all Defendants.

X.

All Defendants were either agents, servants, employees or principals of each other at all relevant times and are vicariously liable and responsible for the conduct of one another and their employees under the principles of *respondeat superior*.

XI.

On or about August 24, 2019, Defendants engaged in the operation of a business entity, with a retail location at 1650 E Tucson Marketplace Boulevard, Tucson, Arizona, where Defendants provided and offered goods and services to the public.

XII.

On or about August 24, 2019, Plaintiff was shopping at Defendants' store located at 1650 E. Tucson Marketplace Boulevard, Tucson, Arizona, when she slipped and fell on what appeared to be a wet substance, suffering injuries. The existence of the wet substance and/or other substance/produce on the floor constituted a dangerous condition on the property.

XIII.

Defendants did not provide adequate warning to Plaintiff as to the existence of the dangerous condition.

XIV.

Defendants had a duty to exercise reasonable care in inspecting and maintaining its store to ensure the reasonable safety of its patrons.

XV.

Defendants, its agents, or employees knew or should have known of the dangerous condition(s) in time to provide an adequate remedy or warning.

XVI.

Upon information and belief, the dangerous condition existed for a sufficient length of time that Defendant, its agents or employees, in the exercise of reasonable care, should have known of it.

XVII.

Plaintiff is entitled to recover her special and general damages incurred as a result of the negligence, fault, unlawful conduct or omissions of Defendants.

XVIII.

As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered personal injuries including pain, discomfort, suffering, disability, disfigurement, anxiety, property damage, emotional distress, past and future medical expenses, travel expenses, lost wages and loss of enjoyment of life, along with various general and special damages, all in a sum to be determined at trial.

WHEREFORE, Plaintiff prays for judgment to be entered in her favor and against the Defendants, and each of them, as follows:

1. For compensatory damages in such an amount as will reasonably and adequately compensate the Plaintiff for their injuries, pain, suffering, emotional distress, past and future medical expenses, travel expenses, personal property, loss of consortium, lost wages and loss of enjoyment of life, along with various general and special damages, all in a sum to be determined at trial.
2. For costs of this suit legally and necessarily incurred herein
3. For such other and further relief that this Court deems just and proper under the circumstances.

DATED this 9th day of August, 2021.

MOORE LAW FIRM, PLLC

_____
Kevin M. Moore Esq.
Attorney for Plaintiff